RICHARD SEGERBLOM, ESQ.
Nevada Bar No. 1010
704 South Ninth Street
Las Vegas, Nevada 89101
Tel: (702) 388-9600
Fax: (702) 385-2909

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

HOLLY PARKER,

        Plaintiff,

vs.

EASTRIDGE PERSONNEL OF LAS VEGAS, INC., and SOUTHERN NEVADA HEALTH DISTRICT,

        Defendants.

2:10-cv-00705-LDG-RLR

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER [SPECIAL SCHEDULING REVIEW REQUESTED] PURSUANT TO LOCAL RULE 26-1**

    The above-named parties, by and through their respective counsel of record, hereby submit their stipulated discovery plan and scheduling order [special scheduling review requested] pursuant to Local Rule 26-1 for the Court's approval.

    The parties request a date for discovery cut-off different than that provided by Local Rule 26-1(e)(1) to account for time spent discussing possible settlement.

**PROPOSED SCHEDULE**

    1.    **Estimate of time required for discovery:** Plaintiff and Defendants in this case have been in settlement negotiations which we anticipate will result in the settlement of this matter. A case conference was held on November 18, 2010. Discovery will take 180 days from November 18, 2010. All discovery must be completed not later than May 17, 2011.

    2.    **Amendment of pleadings and addition of parties:** Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and not later than February 16, 2011.

    3.    **Disclosure of Expert Witnesses:** In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date and not later than March 19, 2011, and disclosures respecting rebuttal experts shall be made thirty (30) days after the disclosure of experts and not later than April 18, 2011.

    4.    **Interim Status Report:** On or before March 19, 2011, sixty (60) days prior to the close of discovery, the parties shall file an Interim Status Report, as required by LR 26-3, stating the time estimated for trial, three alternative dates for trial, and whether or not trial will be proceeding or affected by substantive motions.

    5.    **Dispositive Motions:** The parties shall have until June 16, 2011, to file dispositive motions. This is thirty (30) days after the close of discovery.

    6.    **Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by July 16, 2011, which is no later than thirty (30) days after the date set for the filing of dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

Case 2:10-cv-00705-LDG-VCF    Document 20    Filed 12/16/10    Page 3 of 4

7. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with LR 26-4, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty (20) days before the discovery cut-off date, or no later than April 4, 2011.

8. **Protection of Privileged/trial Preparation Material**: If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the disclosing party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the

materials pending resolution of the matter. No inadvertent disclosure shall operate as a waiver to any claim that the document(s) is privileged.

DATED this 9th day of December, 2010.

Richard Segerblom, Ltd.                    Daley & Heft, LLP

/s/Richard Segerblom                       /s/Robert W. Brockman
Richard Segerblom, ESQ.                    Robert W. Brockman, Esq.
700 S. Third Street                        462 Stevens Avenue, Suite 201
Las Vegas, Nevada  89101                   Solana Beach, CA.
Attorney for Plaintiff                     Attorney for Defendants
                                           Eastridge Personnel of Las Vegas

Fisher & Phillips

/s/Anthony Golden
Anthony B. Golden, Esq.
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169
Attorney for Defendants
Southern Nevada Health District

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 12-16-10

4