# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOLLY PARKER,

    Plaintiff,

v.

EASTRIDGE PERSONNEL OF LAS VEGAS, INC., *et al.*,

    Defendants.

Case No. 2:10-cv-00705-LDG (LRL)

**ORDER**

    The plaintiff, Holly Parker, alleges the defendants, Eastridge Personnel of Las Vegas, Inc. and Southern Nevada Health District, violated the Americans with Disabilities Act. Eastridge moves to dismiss (#9) or, in the alternative, for a more definite statement (#10). The Health District joins in the motions (#15). Parker opposes both motions (#14). Having considered the allegations of the complaint and the arguments of the parties, the Court will dismiss the complaint without prejudice.

<u>Motion to Dismiss</u>

    The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of

Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.*

2

550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

The defendants' argument is succinct; they assert that Parker failed to sufficiently allege her disability.

In opposing the argument, Parker asserts that she adequately alleged that her complaint is based upon the ADA, that she filed a charge with the EEOC, that "her disability is the major life activity of 'standing,'" that she requested an accommodation and was required to obtain a letter from her doctor.

Under the ADA, a disability is defined as, "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment;  or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).

Parker's argument that she adequately alleged that "her disability is the major life activity of 'standing'" fails.  Initially, the Court would note that, in her complaint, Parker did not allege that her disability is the major life activity of standing."  Rather, she alleged that she has "a disability which limits her major life activity of standing."  Further, an allegation that merely identifies the impaired major life activity is insufficient as an allegation of fact regarding the physical or mental impairment that substantially limits the major life activity.  Parker's complaint lacks any allegation of fact regarding her physical or mental impairment that limits her ability to stand.  Though such factual allegation need not be detailed, some allegation of fact regarding a physical or mental impairment is required.

Accordingly,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#9) is GRANTED; Plaintiff's Complaint is DISMISSED without prejudice.  If Plaintiff chooses to file an amended complaint, such complaint must be filed twenty days from the entry of this Order.

1  THE COURT FURTHER **ORDERS** that Defendants' Motion, in the alternative, for a
2  More Definite Statement (#10) is DENIED as moot.
3  DATED this __23__ day of March, 2011.

_____
Lloyd D. George
United States District Judge

4